39 F.3d 1189
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James GRAYSON, aka Jonathan Tyler, Defendant-Appellant.
 No. 93-10710.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1994.
Decided Nov. 4, 1994.
 
 Appeal from the United States District Court for the Northern District of California, No. CR-92-00237-SBA; Saundra B. Armstrong, District Judge, Presiding.
 N.D.Cal.
 VACATED AND REMANDED.
 Before: SCHROEDER, FERGUSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James Grayson appeals his sentence under the Sentencing Guidelines imposed following his guilty plea to wire fraud and aiding and abetting in violation of 18 U.S.C. Secs. 1343 and 2, and mail fraud and aiding and abetting in violation of 18 U.S.C. Secs. 1341 and 2. He argues that the government breached the plea agreement in three respects.
 
 
 3
 He first contends that the government breached the plea agreement by advocating a loss amount in excess of the $3,481,997 to which the parties had stipulated in the agreement. The presentence report recommended a loss figure in excess of $5,000,000. In its response to the defendant's criticism of that recommendation, the government advocated the higher amount, citing law in support of that position. This constituted a breach of the plea agreement, although the district court sentenced Grayson based on the $3,481,997 amount.
 
 
 4
 Next, Grayson claims that the government breached its agreement not to seek an upward adjustment. The presentence report recommended an upward adjustment of four levels for Grayson's managerial role in the offense and the government's sentencing memorandum supported that recommendation. The court imposed the upward adjustment at sentencing. We conclude that the government violated the agreement not to seek an upward adjustment for Grayson's role in the offense.
 
 
 5
 Finally, the appellant contends that the government breached its plea agreement "not to file any motion for an upward departure." The appellant had made a similar promise not to file a motion for a downward departure. In their sentencing memoranda, both parties argued for a sentence at the respective ends of the applicable Guidelines range, but neither filed an actual motion for departure. We cannot hold that either party breached the plea agreement with respect to these mutual promises.
 
 
 6
 Appellant has requested resentencing as a remedy for the government's breaches of the plea agreement. We agree with Grayson that he is entitled to a new sentencing proceeding in which the district court does not consider the arguments offered in violation of the plea agreement.
 
 
 7
 The sentence is VACATED and the case REMANDED FOR RESENTENCING.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3